IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 2:17-cr-30-KS-JCG

SUSAN PERRY, N.P.

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING UNRELATED PRESCRIPTIONS**

The United States respectfully moves this Honorable Court for an Order precluding the Defendant Susan Perry ("Defendant") from presenting testimony or evidence about certain prescriptions that are not at issue in the present case. Such testimony and argument is inadmissible because it is irrelevant, speculative, and would constitute impermissible character evidence pursuant to Federal Rule of Evidence 608.

**FACTS**

The alleged scheme has been described in detail in a memorandum in support of a *Motion in Limine* to preclude arguments regarding "prior good acts" of the Defendant [Doc. 50]. The government incorporates herein the statement of facts set forth in that memorandum.

Of particular relevance to the present motion, however, are the following facts: The Defendant is a nurse practitioner licensed to prescribe medications. She is accused of, *inter alia,* improperly prescribing certain compounded medication associated with Advantage Pharmacy in exchange for kickbacks and bribes. These false prescriptions form the basis of the instant indictment.

The government expects to call pharmacy marketer Jay Schaar to testify about his interactions with the Defendant. Schaar's testimony is expected to include statements that he paid

the Defendant a kickback for each prescription she wrote, and that Schaar helped the Defendant find additional beneficiaries for whom she could write prescriptions and be paid for those prescriptions.

The present motion concerns certain irrelevant or speculative testimony and argument the Defendant may attempt to present about a different set of prescriptions that are not part of the charges in this case; specifically, prescriptions purportedly written by the Defendant's son, Brannon Sims (the "Sims Prescriptions").

In 2014, Sims obtained his permanent nurse practitioner's license and began working at the Defendant's clinic, Immediate Family Clinic ("IFC"). Also in 2014, Schaar obtained the name and TRICARE information of certain beneficiaries associated with a Christmas tree farm in Hattiesburg (the "Tree Farm Beneficiaries"). Schaar obtained their names from another Advantage Pharmacy marketer named Randy Thomley, and then found prescribers willing to sign prescriptions for those Tree Farm Beneficiaries.

Sims' signature appears on a small number of Advantage Pharmacy prescriptions made out to several of Schaar's Tree Farm Beneficiaries. There is no dispute that Sims never examined these patients. In approximately July 2016, Sims was interviewed by federal agents. When asked about the prescriptions for patients he had never examined, Sims acknowledged that some of the signatures were his, but claimed these prescriptions were filled without his knowledge, and noted his opinion that certain portions of addresses seemed to be whited out. Sims did not say who he believed filled or altered the prescriptions. When asked who had faxed the prescriptions to the pharmacy, he told investigators, "it could have been anybody." At the end of the interview, Sims was served with a subpoena seeking information and patient records to support the Sims Prescriptions.

In response to that subpoena, Sims again told the government that he believed the Tree Farm Beneficiary prescriptions were "altered" or "edited." Sims also offered to cooperate with the investigation, but to the government's knowledge, Sims has never provided any further details about his allegation of forgery, even after his mother was indicted in the present case.

For her part, the Defendant has spoken with law enforcement, and has never alleged that *her* prescriptions at issue in the present case were forged or altered. Indeed, unlike Sims, the Defendant responded to a subpoena by producing patient records – some of which were filled out in her own handwriting – purporting to support the prescriptions she signed.

Sims is not a defendant, and the Sims Prescriptions are not the subject of any charges in the present case. As far as the government is aware, the Defendant herself did not prescribe any medications to the Tree Farm Beneficiaries. Thus, the government does not anticipate putting on any testimony or evidence about the Tree Farm Beneficiaries or the Sims Prescriptions in its case-in-chief.

Nonetheless, the government anticipates that the Defendant will attempt to call her son Sims to testify that someone may have altered certain portions of Sims Prescriptions.  The Defendant may also attempt to elicit testimony that Sims believes Schaar was the person who altered those Tree Farm Beneficiary prescriptions. The Defendant then may attempt to argue that if Schaar altered the Sims prescriptions, Schaar may have also altered the Defendant's prescriptions, and thereby, argue that the Defendant is not guilty of the charges against her. [1]

---

[1] Schaar has specifically denied forging Sims' name, and has told investigators that he personally observed Sims himself signing the Tree Farm Beneficiary prescriptions. Nonetheless, Sims has not been charged with any crime. Indeed, as of the time of this Motion, the government has told counsel for the Defendant that it is not currently seeking charges against Sims. However, the investigation into Sims' actions is ongoing.

**ARGUMENT**

Although the Defendant has the Constitutional right not to testify on her own behalf, she does not have the right to vicariously deny her involvement in the scheme through irrelevant and speculative testimony by her son. The proposed evidence and argument is impermissible under Federal Rules of Evidence 402, 403, 602, 607, 608, and 701. Specifically: (1) the Sims Prescriptions are irrelevant; (2) Sims has no personal knowledge of who made the alleged alterations on his prescriptions and cannot speculate; and (3) extrinsic evidence (i.e., another witness's testimony) of Schaar's character for truthfulness is not permitted under Rules 608(b) and 403.

**A.      The Sims Prescriptions are Facially Irrelevant.**

The Sims Prescriptions and his self-serving testimony about them would be irrelevant to the charges at issue. Evidence is relevant when it makes a fact in dispute more or less probable. Fed. R. Evid. 401; *see also United States v. Leahy*, 82 F.3d 624, 636 (5th Cir. 1996).  Evidence that is not relevant is not admissible.  *See* Fed. R. Evid. 402.  The Sims Prescriptions are not in dispute. They are not charged in the Indictment and Sims himself is not a defendant. Therefore, testimony about the Sims prescriptions is not relevant, and any alleged alterations on the Sims Prescriptions likewise would be irrelevant.

Therefore, testimony or evidence about them should be excluded because of the risk of confusing the issues and misleading the jury. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, any marginal relevance is substantially outweighed by the likelihood that the testimony would be used to confuse the issues and mislead the jury. The government has no intention of introducing any facts or evidence about the Sims Prescriptions in its case-in-chief. Testimony in the defense case raising the specter of potential forgeries or alterations of the Sims Prescriptions by persons unknown may require rebuttal, and kick off an entirely separate sub-trial on the factual issue of who was involved in writing and signing the uncharged, irrelevant Sims Prescriptions. *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) (the major function of Rule 403 "is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.").  Therefore, the testimony should not be permitted.

**B.   Sims Does Not Have Personal Knowledge With Respect to The Prescriptions He Claims Are Altered.**

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. A lay witness can offer an opinion only if it is "rationally based on the witness's perception." Fed. R. Evid. 701; *Mississippi Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002) (to testify under Rule 701, the lay witness "must have personalized knowledge of the facts underlying the opinion and the opinion must have a rational connection to those facts."). "Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses—i.e., testimony not based upon the witness's perception—is generally considered inadmissible." *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993).

Even if the Sims Prescriptions were actually altered (which the government does not concede), Sims simply cannot speculate about who did it. At best, Sims has personal knowledge about whether the signatures on the Sims Prescriptions are his (he has said they are), and whether

he wrote the names of the Tree Farm Beneficiaries on the prescription forms (he has said he did not remember doing so).

But Sims has never claimed to have personal knowledge of who else might have been involved with writing or faxing the Sims Prescriptions. Indeed, when asked by federal law enforcement whether he knew who faxed the prescriptions to the pharmacy, Sims stated it "could have been anybody." Sims is not an expert witness in document forgeries or alterations, and as a lay witness, he cannot provide the jury with an unfounded opinion about whether and by whom a document about which he has no personal knowledge or recollection was altered or changed. *See United States v. Mock,* 523 F.3d 1299 (11th Cir. 2008) (in arson prosecution, lay witness not permitted to testify she "believed" someone else had set two of the fires for which she was charged because she lacked first-hand knowledge or observation); *United States v. Haskell*, 468 F.3d 1064, 1074 (8th Cir. 2006) ("district court did not abuse its discretion by excluding testimony about the contents of [a] note, because [the witness] lacked personal knowledge of its contents").

## C.      Sims' Testimony Would Be Improper Extrinsic Evidence as to Schaar's Character.

Furthermore, any testimony (speculative or otherwise) accusing Schaar of altering the Sims Prescriptions would be inadmissible "propensity evidence" if used for the purpose of attempting to prove that Schaar may have also altered the Defendant's prescriptions. Fed. R. Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

Forgery may be used as proof of a witness's character for truthfulness. Fed. R. Evid. 608; *United States v. Waldrip*, 981 F.2d 799, 803 (5th Cir. 1993).  However, Sims does not allege forgery – he admitted the signature on the prescription was his. He simply stated he did not know or remember the circumstances of how the rest of the prescription was filled out or faxed. In any

event, when the alleged prior bad act did not result in a conviction, the Defendant may not use extrinsic evidence to prove it: "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Accusations of prior bad acts bearing on truthfulness are permitted only on cross examination.[2]

Therefore, if the Defendant is permitted to ask Schaar about the Sims Prescriptions on cross examination, and if Schaar denies altering the Sims Prescriptions, the Defendant may not then create a sub-trial on the issue of the Sims Prescriptions by calling Sims to the stand to challenge Schaar's denial. *See, United States v. Herzberg*, 558 F.2d 1219, 1223 (5th Cir. 1977)("[the language of Rule 608(b)] prohibits proof by extrinsic evidence even where the [attorney] 'inquires into' prior acts on cross-examination. The cross-examining attorney must take the witness' answer.").

## CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that the Court grant its motion *in limine* and preclude testimony, evidence and argument relating to the Sims Prescriptions.

Dated: May 29, 2018                          Respectfully submitted,

                                             D. MICHAEL HURST, JR.
                                             UNITED STATES ATTORNEY

                            By:     s/ Katherine Payerle

                                             Mary Helen Wall (MS Bar #100857)
                                             Assistant United States Attorney

---

[2] Here, however, the government would object to the line of questioning about the Sims Prescriptions as irrelevant, speculative, and outside the scope of direct examination.

501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201-0101
Telephone: (601) 965-4480
Fax: (601) 965-4409
mary.helen.wall@usdoj.gov

Katherine E. Payerle (NC Bar #36897)
Jared L. Hasten (IL Bar #6296695)
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., N.W.
Washington, D.C. 20005
Telephone: (202) 816-9269
katherine.payerle@usdoj.gov
jared.hasten@usdoj.gov

## CERTIFICATE OF SERVICE

I, Katherine Payerle, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of interest.

On this, the 29th day of May, 2018.

s/ Katherine Payerle
Katherine Payerle
Trial Attorney