CASE NO. 2:17-CR-30

U.S.

VS. Susan Perry

PLAINTIFF'S EXHIBIT G-1

DATE _____ IDEN.

DATE 6-15-18 EVID.

BY Debra Jackson
Deputy Clerk

AO 386

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:17-CR-0030-KS-JCG

SUSAN K. PERRY  18 U.S.C. § 1349

**FACTUAL BASIS OF PLEA**

The United States and Susan K. Perry ("Defendant") jointly submit the following factual basis to support the Defendant's plea of guilty to Count 1(b) of the Indictment.

Had the captioned case gone to trial, the United States would have proven the following:

Beginning in or around January 2014, and continuing until in or around April 2015, in Lamar County, in the Eastern Division of the Southern District of Mississippi, and elsewhere, the Defendant conspired with others to knowingly and willfully execute or attempt to execute a scheme and artifice to defraud health care benefit programs, including TRICARE, a federally funded health care benefit program that serves United States military personnel and their families. The scheme focused on compounded medications formulated and sold by Advantage Pharmacy, which was located in Lamar County, Mississippi.

The Defendant, a resident of Grand Bay, Alabama, was a board certified family nurse practitioner who operated Immediate Family Clinic ("IFC"), located in Biloxi, Mississippi. As a nurse practitioner, Defendant was empowered to write prescriptions for medications, including compounded medications, which were medications combined, mixed, or altered by licensed pharmacists or other practitioners to meet the specific needs of individual patients. Defendant, as a nurse practitioner, was aware that prescribers were not permitted to prescribe medications, including compounded medications, that were not medically necessary and reasonable for the

treatment of the patient. Nevertheless, on several occasions, the Defendant knowingly and willfully wrote prescriptions for compounded medications for individuals, even though she did not examine the individual, and/or without regard to whether the patient needed the medication.

Working with Gerald "Jay" Schaar, a marketer associated with Advantage Pharmacy, the Defendant signed a series of pre-printed prescription forms, prescribing specific compounded medications that were particularly profitable for Advantage Pharmacy. When the Defendant signed those forms, she was aware that Schaar would be making a commission from the expensive medications.

The signed preprinted prescription forms were returned to Advantage Pharmacy, which then filled the prescription and billed health care benefit programs, including TRICARE, for the dispensed compounded medications. The Defendant knew that Advantage Pharmacy would submit claims for reimbursement to health care benefit programs, including TRICARE, for compounded medications based on the prescriptions she signed, and the Defendant further expected that the health care benefit programs would pay the claims.

In determining whether to reimburse Advantage Pharmacy's claims, health care benefit programs, including TRICARE, relied upon the Defendant's signature on the pre-printed prescriptions as evidencing the medical necessity of the compounded medications dispensed. As a result of this reliance on the prescriptions, from approximately January 2014, and continuing through April 2015, health care benefit programs, including TRICARE, reimbursed Advantage Pharmacy approximately $1,375,692 based on the claims submitted by Advantage Pharmacy in connection with the compounded medications prescribed by the Defendant.

_____
SUSAN K. PERRY, Defendant

_____
CHUCK MULLINS, Attorney for Defendant

Approved By:

_____
MARY HELEN WALL
Assistant United States Attorney
Southern District of Mississippi

KATHERINE PAYERLE
JARED HASTEN
Trial Attorneys, Fraud Section
United States Department of Justice